ANTONIO HOYO LIAÑO, Plaintiff and Appellant, *v.* SAVINO CORTÉS ET AL., Defendants and Appellees.

No. 5968.   Argued February 3, 1933.—Decided April 28, 1933.

*José E. Díaz* for appellant.   *S. O'Neill Torres* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Antonio Hoyo Liaño brought this suit for an injunction to recover the possession of a house located at La Glorieta, Manatí. The complaint, filed in the District Court of Arecibo, alleged, in short, that the plaintiff acquired the parcel in question at a public sale held at the Municipal Court of Manatí on May 28, 1930, and that the marshal of the said court put him in possession of the property on June 10, 1930, from which date he continued in possession until October 1, 1930, when the defendants entered into the house, breaking a door, and have remained in it, against the will of the plaintiff, refusing to vacate it.

The defendants answered denying having entered into the house in question violently, and alleging that they have been in possession of it since May 26, 1928, when they bought it from Felipe Miranda, and that they are now occupying it.

The case went to trial. The plaintiff produced his evidence, consisting in the testimony of the following witnesses, who stated, in brief, what follows:

Antonio Hoyo, the plaintiff, testified that the Municipal Court of Manatí awarded him the house on May 28, 1930. His counsel asked him, "Why was it awarded to you?" Counsel for the defendants intervened to state, "The best evidence is documentary, and not the testimony of the witness"; to which counsel for the plaintiff replied: "We do not have title. It is a question of possession." The judge then said, "Proceed." Accordingly the plaintiff went on to testify that he took possession on June 10, 1930, and collected rent from Saro Rodríguez for two months, until he visited the house and found the defendants living there. He told them that the house was his and they replied that they would not leave it on any account. He did not bring any civil action against the defendants. The house belonged to Felipe Miranda, "he told me that and gave it to me as security". When he took possession Rosario Rodríguez was living in

it, and he did not know who had rented it to him. In reply to a question as to how he entered into possession, he stated: "The marshal went there and said that the house had been awarded to me by the court, and that the tenants had to pay me the monthly rent."

Marcelino Hoyo, a brother of the plaintiff, was the next witness. The house was delivered to him, as a representative of his brother who was ill at the Auxilio Mutuo, by the marshal of Manatí. It was occupied by Rosario Rodríguez as tenant, and he paid him rent for two months. The marshal notified the tenant and told him "that he did not have to deal with the lady, but with my brother." Rosario Rodríguez left. He delivered the key to him on the last day of September. "The next day some people went into the house; that lady," pointing to defendant María Soledad la Luz, "who refused to vacate it. The door had been forced open."

Rosario Rodríguez knows the plaintiff and the defendants, and "the only thing I can say is that I rented the house from Goira, and lived in it for three months, and while I was living in it, at the end of the three months, Marcelino Hoyo came with the marshal, the marshal of Manatí, and spoke to me in these words: 'Whom have you paid during the three months?' I answered, 'Goira,' and he said, 'From this day on you must pay me.' That was Hoyo; and they gave me some papers and left; and at the end of the month a boy came to collect the rent, and I gave him the five dollars and he gave me a receipt. I padlocked the house, tied a rope to the padlock, and sent the key to Marcelino Hoyo. The next day I came to a small café that was located in front of the house, and I saw Mrs. La Luz open the house and go inside. She said the house was hers and no one was going to get her out of there." He moved because he was pestered ("*ajorado*") by Mrs. La Luz, who claimed that the house was hers, and that they had made a "labyrinth" in order to rent it.

The last witness was Desiderio Santos, the plaintiff's collector. Rosario Rodríguez paid him two months' rent, and vacated the house on the first of October. While the house was closed, Mrs. La Luz opened it and settled in it. He notified Antonio Hoyo, and the latter went and asked the lady to leave, and she answered that she would not leave. To the question, "Did that house belong to Antonio Hoyo?" he replied: "That house belonged to Felipe Miranda first, then he took it, and when the marshal came he told Rosario Rodríguez, 'From today on this house belongs to Antonio Hoyo.'"

At the close of plaintiff's evidence, the defendants made a motion for a nonsuit, which was granted, and as a consequence judgment was entered for the defendants. The plaintiff appealed, and in his brief he assigns three errors which raise a single question: whether or not the evidence presented is sufficient to establish the facts alleged in the complaint.

The evidence, as may be seen from the summary above set forth, could not have been more deficient indeed.

An injunction to recover possession may be granted (Session Laws of 1917, Vol. II, p. 220) to a person who has been in actual possession of the property described in the complaint within the year next preceding the filing of the same. Here the plaintiff did not show, with the degree of certainty required in judicial proceedings, that he was in actual possession of the property involved.

It was not shown that any court order had been issued. It was sought to establish the acts of a marshal and the existence of a lawsuit through hearsay testimony. That part of the evidence which could most benefit the plaintiff, namely, the payment of rent by the tenant and the delivery of the key on vacating the house, lacks decisive force, since one can understand the attitude of the tenant, in obeying the instructions of an officer whose authority to act was not known, but which the tenant saw fit not to question. Moreover, this

lasted but a short time, only two months, and the tenant vacated the house upon being pestered by the person who occupied the house after the tenant left, and who consistently claimed to be the owner from the beginning. It was not shown, either, that the person from whom the tenant originally rented the house was the one from whom the plaintiff claims to derive title. The house was rented by Rosario Rodríguez from José Goira, and not from Felipe Miranda, and neither Goira nor Miranda testified at the trial.

When a citizen asks a court to take action to enforce a right in his favor, against another person, he should show the existence of such right in a clear and firm manner. Evidence as incomplete as that produced by the plaintiff in this case, where it was within his power to remove all doubts, does not even justify the continuation of the suit. The judgment of nonsuit was proper and must be affirmed.